IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Edward B. Avery,

    **Petitioner,**

  v.                                      Case No. 2:13-cv-97

**Jason Bunting,**                      JUDGE GREGORY L. FROST
                                                    Magistrate Judge Kemp

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on the petition, respondent's motion to dismiss or transfer the case to the United States Court of Appeals for the Sixth Circuit for authorization for filing as a successive petition, and the exhibits of the parties.  Petitioner has not filed a response to the motion to dismiss or transfer.  Petitioner has, however, filed several other motions including a motion to appoint counsel, a motion to amend the petition, a motion to stay, a motion for an order directing respondent to furnish transcripts and documents from his re-sentencing hearing, and a second motion to amend the petition.   For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for a determination of whether petitioner is entitled to file a successive petition.   Further, the Magistrate Judge recommends that petitioner's pending motions be denied as moot.

## PROCEDURAL HISTORY

In August, 1997, Petitioner was convicted in the Union County Court of Common Pleas of rape, robbery, aggravated burglary, and kidnapping with sexual motivation specification.  The trial court sentenced Petitioner to ten years on each count

of rape, aggravated burglary, and kidnapping, to be served consecutively, and eight years on the robbery count, to be served concurrently. *Exhibit 1 to Motion to Dismiss*. Petitioner also was determined to be a sexual predator under R.C. 2950.09(B). *Id*. Petitioner's conviction and sentence were affirmed on appeal. *Exhibit 2 to Motion to Dismiss*. Petitioner did not file a timely appeal to the Ohio Supreme Court and his motion for leave to file a delayed appeal was denied. *Exhibit 3 to Motion to Dismiss*.

On May 12, 1999, petitioner filed a petition for a writ of habeas corpus with this Court, docketed as Case No. 2:99-cv-459, asserting seventeen grounds for relief. *Exhibit 4 to Motion to Dismiss*. By order dated June 9, 2000, this Court granted petitioner's motion to withdraw his petition and dismissed the case without prejudice to reinstitution upon exhaustion of state court remedies. *Id.*

On February 13, 2003, Petitioner filed a second petition for a writ of habeas corpus, docketed as Case No. 2:02-cv-139 setting forth seventeen grounds for relief. *Exhibit 5 to Motion to Dismiss*. This petition was dismissed as time-barred for Petitioner's failure to comply with the one-year statute of limitations. *Id*.

On February 15, 2008, Petitioner filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(a), (b) in Case No. 99-459, attempting to relitigate the claims dismissed in Case No. 02-139. *Exhibit 6 to Motion to Dismiss*. By order dated March 4, 2008, the Court denied Petitioner's motion as untimely and without merit. *Exhibit 8 to Motion to Dismiss*.

On March 19, 2010, Petitioner filed a motion for re-sentencing with the Union County Court of Common Pleas. *Exhibit 9 to Motion to Dismiss*. On October 6, 2010, the state trial court issued a journal entry addressing two issues. *Id*. First, the trial court addressed Petitioner's argument that, because the original kidnapping charge contained a specification that was not addressed, his sentence was invalid. As the trial court explained:

> The Defendant, arguing this issue on his own behalf, claimed that the specification would cause the kidnapping to become an allied offense

2

with the rape charge and could thereby decrease his sentence term. The State argued that the specification would have no bearing on allied offenses, is an issue for the Court's determination and the withdrawal of the specification is actually a benefit to the Defendant. The Court finds upon a review of the transcript of the sentencing hearing held on August 7, 1997 in the instant matter that the Court heard arguments with regard to allied offenses. The Court, in 1997, found that the kidnapping charge was separate and did not consider it an allied offense. Based upon the foregoing reasons, the Defendant's oral motion is **OVERRULED**.

The second issue addressed by the trial court was the petitioner's motion for re-sentencing. As explained by the court:

> ...Defendant argues that the Court did not properly advise him of the mandatory postrelease control term of five (5) years during his original sentencing hearing. The Court asked Defendant if he wished to have a ruling on this motion or if he wanted to let his sentence stand with the ineffective postrelease control. Defendant stated in open court that he wanted the Court to issue a ruling on his motion requesting resentencing.
>
> The Ohio Supreme Court has thoroughly addressed this issue and in *State v. Singleton*, 124 Ohio St.3d 173, 180, 2009 Ohio 6434, 920 N.E.2d 958, states:
>
>> "Before the enactment of R.C. 2929.191, no statutory remedy existed for the correction of a sentence that failed to properly impose postrelease control. In the absence of a statutory remedy, we recognized that a ... sentence that failed to properly impose a statutorily mandated period of postrelease control was contrary to law when imposed. ... Accordingly, we directed trial courts to conduct a de novo sentencing."
>
> In accordance with *Singleton*, the Court finds that a de novo sentencing hearing is proper in this matter. ...

*Exhibit 9 to Motion to Dismiss*.

On November 24, 2010, petitioner was resentenced. The journal entry of re-sentence both notified petitioner of the imposition of post-release control and included

his method of conviction. *Exhibit 10 to Motion to Dismiss*. Petitioner's resentencing was upheld by the state appellate court in an order issued August 22, 2011. *Exhibit 11 to Motion to Dismiss*. In a decision dated January 18, 2012, the Ohio Supreme Court declined to accept petitioner's appeal for review . *Exhibit 12 to Motion to Dismiss*. In an entry dated May 10, 2013, the Ohio Supreme Court denied petitioner's motion for delayed appeal. *Exhibit 1 to Petitioner's Motion to Amend Petition (#14).*

In his current habeas petition, petitioner raises four grounds for relief, restated here verbatim:

> **GROUND ONE**: Appellate proceedings violates due process when an appeal is premised on a trial court entry that does not constitute a final appealable order have no preclusive effect on an appeal timely initiated after an a defendant receives his or her appealable order from a trial court.
>
> **Supporting Facts**: In 1997, the trial court committed Mr. Avery to the Department of Rehabilitation and Correction by which entry did not contain "means of conviction whether by plea, verdict or finding of the court." If a court acts without jurisdiction, then any proclomation by that court is "void" and violates defendent's constitutional rights.
>
> **GROUND TWO**: The trial court errebly not declaring a mistrial when the dismissed alternate juror was present for two hours during jury deliberation.
>
> **Supporting Facts**: The alternate had been thanked for his service then dismissed. There after the court sent the jury to lunch. At 1:00 P.M., the jurors returned and began deliberating. At 3:00 P.M., the jury had a question. When the judge brought everyone back in to provide an answer It was discovered that there's thirteen jurors. Request for mistrial was made by defense. The prosecution was silent, the court overruled the motion. It instructed the jury that was not suppose to happen. Constitutional rights to a fair trial are violated.
>
> **GROUND THREE**: A criminal defendent's of due process are violated when the trial court issues improper jury instructions for defense of kidnapping.
>
> **Supporting Facts**: The erroneous instruction improperly allowed

4

the jury to convict the defendent of kidnapping an adult  factual basis which only suffice to constitute kidnapping a child  Furthermore plain error occurred here denying the right to a fair trial because it is impossible to know whether the conclued jury that the defendant used a threat of force to move Ms. Johnson from the bedroom to the bathroom.  Or whether that movement was obtained "by any means" which refers only to children "under the age of thirteen."

**GROUND FOUR**: The trial court violated petitioner due process rights. The trial court errs when it does not merge rape and kidnapping as an allied offense involved the same victim in a single location.

**Supporting Facts**: ... in this case the testimony of Ms. Johnson supports this argument the offense of kidnapping when she was accosted in her bedroom, and continued until she was sent to the bathroom and instructed to take a shower... any movement of Ms. Johnson did not result in a "substantial risk of harm seperate from that involved in the rape." Thus, there was "but a single animus" in the commission of the two offenses.

## ANALYSIS

Respondent argues that the current petition is a second or successive petition which must be dismissed or transferred to the United States Court of Appeals for the Sixth Circuit.  As respondent contends, in this petition, petitioner is challenging his 1997 convictions just as he did in his previous petitions.  Further, respondent asserts that this is so even though the last petition was dismissed as time-barred.  According to respondent, a dismissal on statute of limitations grounds is a dismissal on the merits for purposes of determining whether a petition constitutes a second petition.  Because petitioner has not filed a reply, he has not addressed any of respondent's arguments.

The Court agrees with respondent that  this action constitutes a successive petition. 28 U.S.C. §2244 provides:

> (b) (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application

5

> under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

This Court determines whether a petition constitutes a successive petition prior to transferring the case to the Court of Appeals. *In re Smith*, 690 F.3d 809 (6th Cir. 2012).

> Whether a petition (a term we use interchangeably with "application") is "second or successive" within the meaning of § 2244(b) does not depend merely on whether the petitioner filed a prior application for habeas relief. The phrase is instead "a 'term of art' that is 'given substance' by the Supreme Court's habeas cases." *In re Salem*, 631 F.3d 809, 812 (6th Cir.2011) (quoting *Slack v. McDaniel*, 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Accordingly, in a number of cases, the Court has held that an application was not second or successive even though the petitioner had filed an earlier one. In *Stewart v. Martinez–Villareal*, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998), the petitioner filed a second petition that presented a claim identical to one that had been included in an earlier petition. The claim had been unripe when presented in the earlier petition. The Court treated the two petitions as "only one application for habeas relief [.]" *Id*. at 643, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849. In *Panetti v. Quarterman*, 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007), the Court held that an application that presented a claim that had not been presented in an earlier application, but that would

6

have been unripe if it had been presented then, was not second or successive. *Id.* at 945, 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662. *In Magwood v. Patterson*, --- U.S. ----, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), the Court made clear that an application challenging an earlier criminal judgment did not count for purposes of determining whether a later application challenging a new judgment in the same case was second or successive. *Id.* at 2797–98.

*Storey v. Vasbinder*, 657 F.3d 372, 376–77 (6th Cir. 2011) (a habeas corpus petition filed after a remedial appeal does not constitute a successive petition).

Here, Petitioner challenges his 1997 state court conviction, raising claims that were, or could have been, previously asserted. Further, although he has been resentenced, petitioner does not raise any issues directed to his resentencing or the subject of postrelease control. Because the petition attacks the underlying conviction and not petitioner's resentencing, his petition is a second petition within the meaning of 28 U.S.C. §2244(b). This is so even though his prior petition was dismissed as time-barred. *See In re Cook*, 215 F.3d 606, 607-608 (6th Cir. 2000) (dismissal for procedural default is dismissal on the merits and later habeas petition is second or successive for purposes of §2244(b)).

Before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir. 1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth

Circuit must transfer the petition to the Sixth Circuit Court of Appeals.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ( per curia ).  Under §2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus.  *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

That being the case, this Court is without jurisdiction to entertain a second or successive §2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Court of Appeals, in turn, will issue this certification only if petitioner succeeds in making a prima facie showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S .C. §2244(b)(2).

The Court of Appeals described the proper procedure for addressing a second or successive petition filed in the district court without §2244(b)(3)(A) authorization in *In re Sims:*

> [W]hen a prisoner has sought §2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or §2255 motion is filed in the district court without §2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. §1631.

111 F.3d at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (per curia).

Finally, because the Court does not have jurisdiction to entertain a successive petition, the Magistrate Judge recommends that all of petitioner's remaining motions be denied as moot.

8

## RECOMMENDED DISPOSITION

For these reasons, the Magistrate Judge **RECOMMENDS** the instant petition be **TRANSFERRED** to the Court of Appeals for the Sixth Circuit for a determination of whether petitioner is entitled to file a successive petition.  The Court further recommends that all of petitioner's remaining motions (##9, 10, 11, 13, and 14) be denied as moot.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge