IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EDWARD B. AVERY,

    Petitioner,

    v.

JASON BUNTING,

    Respondent.

CASE NO. 2:13-CV-97
JUDGE GREGORY L. FROST
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On July 12, 2013, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 be transferred to the United States Court of Appeals for the Sixth Circuit for authorization for filing as a successive petition and that all of Petitioner's pending motions be denied as moot. (ECF No. 15.) Petitioner Edward B. Avery objects to the Magistrate Judge's recommendation that this case be transferred to the Court of Appeals as a successive petition and objects to the Magistrate Judge's recommendation of dismissal of Petitioner's motions as moot. (ECF No. 19.)[1]

### I.

In August 1997, Petitioner was convicted in Union County, Ohio, of rape, robbery, aggravated burglary, and kidnapping. The trial court sentenced Petitioner to ten years imprisonment on each count of rape, aggravated burglary, and kidnapping, terms to be served consecutively. On the robbery count, the trial court sentenced Petitioner to eight years

---

[1] This Court previously scheduled Petitioner's objections to come on for a non-oral hearing on September 18, 2013. Respondent did not, however, file a response to Petitioner's objections. Because the briefing has therefore closed, this Court shall proceed to address the motion in advance of the scheduled non-oral hearing. *See e.g. Farkas v. Ohio*, No. 2:12-cv-547, 2012 U.S. Dist .LEXIS 117695 (S.D. Ohio Aug. 21, 2012); *Anderson v. Holliday*, No. 2:10-cv-508, 2010 U.S. Dist. LEXIS 92544, at *2 (S.D. Ohio Sept. 7, 2010).

imprisonment, to be served concurrently with the other convictions. The trial court also found Petitioner to be a sexual predator under Ohio Rev. Code § 2950.09(B). Ohio's Third District Court of Appeals affirmed Petitioner's conviction and sentence on appeal. *State v. Avery*, 126 Ohio App. 3d 36, 709 N.E. 2d 875 (Ohio Ct. App. 1998). After Petitioner failed to file a timely appeal to the Supreme Court of Ohio, his motion for leave to file a delayed appeal was denied. *State v. Avery*, 91 Ohio St. 3d 1462, 743 N.E. 2d 401 (Ohio 2001).

On May 12, 1999, Petitioner filed his first petition for a writ of habeas corpus with this Court (Case No. 2:99-cv-459), asserting 17 grounds for relief. On June 9, 2000, this Court granted Petitioner's motion to withdraw his petition and dismissed the case without prejudice to refiling it upon the exhaustion of his state court remedies. On February 13, 2003, Petitioner filed his second petition for writ of habeas corpus in this Court (Case No. 2:02-cv-139), also setting forth 17 claims for relief. The Court dismissed this petition as time-barred under the one-year statute of limitations.

Several years later, in February 2008, Petitioner filed a motion for relief from judgment, attempting to relitigate the claims dismissed in his second habeas corpus petition. The Court denied Petitioner's motion as untimely and without merit. *Avery v. Brigano*, No. 2:99-cv-459 (S.D. Ohio Mar. 4, 2008).

In March 2010, Petitioner filed a motion for re-sentencing with the state court in which he was convicted. The trial court ordered a de novo sentencing hearing on the ground that Petitioner was not advised of the mandatory post-release control term during his original sentencing hearing. *State v. Avery*, Union Cty. C.P. No. 1997-CR-0020 (Ohio C.P. Ct. Oct. 6, 2010) (Journal Entry). At resentencing, the state court reimposed terms of imprisonment and notified Petitioner of the imposition of post-release control. *State v. Avery*, Union Cty. C.P. No.

1997-CR-0020 (Ohio C.P. Ct. Nov. 24, 2010) (Journal Entry of Re-Sentence).  The state court of appeals affirmed.  *State v. Avery*, 2011-Ohio-4182, 2011 Ohio App. LEXIS 3495 (Ohio Ct. App. Aug. 22, 2011).  The Ohio Supreme Court denied review.  *State v. Avery*, 131 Ohio St.3d 1412, 2012-Ohio-136, 959 N.E. 2d 1056 (Ohio 2012).

Petitioner then filed the current habeas corpus petition, raising four grounds for relief. Respondent moved to dismiss, arguing that the current petition is a second or successive petition that must be dismissed or transferred to the United States Court of Appeals for the Sixth Circuit. (ECF No. 12.)  In his Report and Recommendation, the Magistrate Judge agreed that the current habeas corpus petition is a second or successive petition and accordingly recommended that the petition be transferred to the Sixth Circuit for a determination of whether Petitioner is permitted to file a successive petition.  (ECF No. 15 at PageID# 182.)  Petitioner filed timely objections to the Report and Recommendation (ECF No. 19) and the matter is now before this Court for review.

## II.

Petitioner argues that his current habeas corpus petition should not be transferred to the Sixth Circuit because his 1999 habeas corpus petition was dismissed without prejudice to re-filing upon exhaustion of state remedies and because his current habeas corpus petition was filed after his November 2010 re-sentencing hearing.  Petitioner argues that the Court improperly dismissed his 2002 habeas corpus petition as time-barred.  He contends that a manifest miscarriage of justice will occur should the Court adopt the Magistrate Judge's recommendations in this case.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted *a de novo* review.  It is true that a habeas corpus petition is not a "second or successive" petition within the meaning of 28 U.S.C.

§ 2244(b) merely because the petitioner has filed a prior application for habeas corpus relief. *See In re Smith*, 690 F.3d 809 (6th Cir. 2012). But in this case, as noted by the Magistrate Judge, Petitioner challenges the same 1997 convictions as he challenged in his prior two habeas corpus petitions. Because the current petition challenges the underlying conviction that was the basis of his previous habeas corpus petitions, the current petition is a second petition within the meaning of 28 U.S.C. § 2244(b).

The Court is cognizant of the fact that Petitioner was resentenced by the state court in November 2010, long after the disposition of Petitioner's first two habeas corpus petitions. But this circumstance is of no moment. Petitioner's current petition challenges his 1997 state court conviction; it does not raise any issues related to the November 2010 resentencing or any issues related to post-release control, which was formally imposed at resentencing. Further, while Petitioner's first habeas corpus petition may have been dismissed without prejudice to re-filing, Petitioner waited until the one-year statute of limitations had expired to file his second habeas corpus petition. The dismissal of Petitioner's second petition as time-barred was a dismissal on the merits, rendering the current petition a second or successive habeas corpus petition under 28 U.S.C. § 2244(b). *See In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000).

Accordingly, for the reasons set forth in the Magistrate Judge's *Report and Recommendation*, Petitioner must obtain authorization for filing this habeas corpus action, as his current petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b). The Court must therefore dismiss this action and transfer Petitioner's petition to the Court of Appeals for the Sixth Circuit for a determination of whether Petitioner may file a successive habeas corpus petition. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam); *see also* 28 U.S.C. § 1631.

4

## III.

For the foregoing reasons, this Court **OVERRULES** Petitioner's Objections (ECF No. 19). The Court **ADOPTS AND AFFIRMS** the Magistrate Judge's *Report and Recommendation* (ECF No. 15) and hereby **DISMISSES** this action. The Court further Orders that Petitioner's petition be **TRANSFERRED** to the Court of Appeals for the Sixth Circuit for a determination of whether Petitioner is entitled to file a successive habeas corpus petition. The Court **DENIES AS MOOT** Petitioner's remaining pending motions (ECF Nos. 9, 10, 11, 13, 14).

**IT IS SO ORDERED**.

 /s/ Gregory L. Frost
**GREGORY L. FROST**
**United States District Judge**